# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROOS, JR. | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. |
| PEOPLESHARE, LLC | ) |
| Defendant. | ) |

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Dennis Roos, Jr. (hereinafter, "Plaintiff") moves the Court for entry of judgment in his favor against the named Defendants and in support of such Complaint avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to federal law specifically, the Americans with Disabilities Act and Amendments Act of 2008 ("ADAAA"). Moreover, this Honorable Court has jurisdiction over Plaintiff's state law claims to the extent that he pleads them pursuant to 28 U.S.C. §1367.

2. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) (2) as the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within this judicial district.

3. Plaintiff brings this action against his prospective employer, PeopleShare, LLC ("PeopleShare"). PeopleShare is an employment agency in Pennsylvania located at 120 Chambers Hill Drive, Chambersburg, PA 17201.

4. Plaintiff is an adult male who, at all relevant times hereto, resides in the Commonwealth of Pennsylvania, Adams County.

## UNDERLYING FACTS

5. Plaintiff is a certified Metal Inert Gas ("MIG") Welder with Tungsten Inert Gas ("TIG") experience.

6. Plaintiff has a significant workplace injury in March 2014 where he fractured his right wrist at the radius, his left wrist at the metacarpal, tore the labrum in his left hip, and had an annular tear at L4-L-5 in his spine. This workplace accident required him to have numerous surgeries and pain management including the use of Opioid medications.

7. These injuries caused the Plaintiff to suffer the following limitations to major life activities: sleeping, walking, standing, lifting, and bending. Although the Plaintiff could perform the essential functions of the job with or without an accommodation.

8. Plaintiff's physician subsequently prescribed medical marijuana to be used at bedtime, rather than using Opioid medications which can cause addictions.

9. On July 10, 2019, Plaintiff spoke to PeopleShare recruiter, Keirsten Schriner, to discuss his interest and qualifications for a welding position. Ms. Schriner stated that she would keep his information in the files if something came up.

10. On September 26, 2019, the Plaintiff received a message that PeopleShare was looking for full-time MIG welders with TIG experience in his area.

11. Plaintiff was more than qualified for the welding positions.

12. On October 3, 2019, Plaintiff received an email from the recruiter for PeopleShare, Codey Huff encouraging him to apply for the job in the Shippensburg, PA area.

13. Next, the Plaintiff received an email from the recruiter, Brandi Fried, to set up an interview for October 10, 2019, at 11:00 AM with Mr. Huff. Thereafter, the Plaintiff arrived on time for his interview, completed the online paperwork as well as an application and then electronically signed the application.

14. Mr. Huff later noticed that the Plaintiff did not sign the substance abuse policy form and questioned him about it.

15. The Plaintiff advised Mr. huff that he was a certified medical marijuana patient and was treating from chronic back pain from a work-related injury and then showed Mr. Huff his PA Medical Marijuana Program ID Card.

16. Mr. Huff immediately stated that he was not going to waste the Plaintiff's time interviewing him because he would fail a pre-employment drug screening. Mr. Huff also declared that he believed that marijuana is illegal.

17. Plaintiff then told Mr. Huff that he felt he was being discriminated against due to his disability and also because of his use of medical marijuana. To which Mr. Huff retorted, that even if the Plaintiff was a patient, marijuana is still illegal federally.

18. Plaintiff filed a Dual Filed Charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") docketed at 530-2020-00418 and 201904281 respectively, on or about November 1, 2019. Thereafter, the EEOC transferred the Charge to the PHRC for investigation. On June 25, 2021, Plaintiff received a right to sue letter attached herein at Plaintiff's Exhibit A.

19. Having fully exhausted his administrative remedies under the ADA and the PHRA the Plaintiff now seeks redress in a court of competent jurisdiction.

20. PeopleShare is responsible/liable for the actions of its agents under a theory of *Respondeat Superior*.

## COUNT 1
## ADA DISABILITY DISCRIMINATION

21. Plaintiff incorporates herein the previous averments as if fully set forth.

22. The Plaintiff is a qualified individual with a disability under the ADA due to his above noted disabilities and notice of the same.

23. The Plaintiff had a record of disability and/or was regarded as disabled by the Defendant.

24. The ADA makes it unlawful to refuse to hire a qualified applicant with a disability because he is disabled, or because a reasonable accommodation is required to make it possible for this person to perform essential job functions.

25. The Plaintiff sought employment through PeopleShare but PeopleShare refused to interview the Plaintiff because of his disability, to allow the Plaintiff to meet with potential employers and/or to allow the Plaintiff to engage in accommodations that may have assisted him in obtaining gainful employment such as but not necessarily limited to: physicals or drug screening.

26. Defendant failed to hire and/or accommodate Plaintiff's disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief and all reasonable attorney's fees and costs of litigation.

### COUNT 2
### ADA DISABILITY-HOSTILE WORK ENVIRONMENT

27. Plaintiff incorporates herein the previous averments as if fully set forth.

28. The Plaintiff avers that he is a qualified individual with a disability under the ADA due to his above noted disabilities and notice of the same.

29. The Plaintiff was subject to unwelcomed harassment after he sought a job through PeopleShare and/or disability accommodations as more fully noted above.

30. The harassment, chastising the Plaintiff because of his disability and use of medical marijuana to treat for pain or insomnia caused or existing due to his disability was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment (failure to hire) and to create an abusive and hostile hiring environment because of his underlying disabilities.

31. Defendant knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff by failing to hire him.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to ADA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and punitive relief and all reasonable attorney's fees and costs of litigation.

## COUNT 3
## PHRA DISABILITY DISCRIMINATION

32. Plaintiff incorporates herein the previous averments as if fully set forth.

33. The Plaintiff is a qualified individual with a disability under the PHRA due to his above noted disabilities and notice of the same.

34. The Plaintiff had a record of disability and/or was regarded as disabled by Defendants.

35. The PHRA makes it unlawful to refuse to hire a qualified applicant with a disability because he is disabled, or because a reasonable accommodation is required to make it possible for this person to perform essential job functions.

36. The Plaintiff sought employment through PeopleShare but PeopleShare refused to interview the Plaintiff because of his disability, to allow the Plaintiff to meet with potential employers and/or to allow the Plaintiff to engage in accommodations that may have assisted him in obtaining gainful employment such as but not necessarily limited to: physicals or drug screening.

37. Defendant failed to hire and/or accommodate Plaintiff's disability.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 4
## PHRA DISABILITY-HOSTILE WORK ENVIRONMENT

38. Plaintiff incorporates herein the previous averments as if fully set forth.

39. The Plaintiff avers that he is a qualified individual with a disability under the PHRA due to his above noted disabilities and notice of the same.

40. The Plaintiff was subject to unwelcomed harassment after he sought a job through PeopleShare and/or disability accommodations as more fully noted above.

41. The harassment, chastising the Plaintiff because of his disability and use of medical marijuana to treat for pain or insomnia caused or existing due to his disability was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment (failure to hire) and to create an abusive and hostile hiring environment because of his underlying disabilities.

42. Defendant knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff by failing to hire him.

    **WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to PHRA and any other applicable statutory remedies including but not limited to: monetary relief for the Plaintiff, including as applicable compensatory damages including wage loss, pain and suffering and all reasonable attorney's fees and costs of litigation.

## COUNT 5
## PENNSYLVANIA MEDICAL MARIJUANA ACT VIOLATION (PMMA)

43. Plaintiff incorporates herein the previous averments as if fully set forth.

44. An employer must not give adverse treatment to an employee based on his status as a medical marijuana card holder. Section 2103(b) (1) states "[n]o employer may discharge, threaten, <u>refuse to hire</u> or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location, or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana."

45. The Plaintiff was in a class of persons protected under the PMMA as he was a certified user of Medical Marijuana.

46. Plaintiff was seeking work in a non-safety sensitive position at the time that he was refused hire or eve an interview.

47. Further, his job as a welder in the capacity to which he would have been working was not a safety sensitive position under the law.

48. Therefore, the failure to interview or hire by the Defendant violated the Plaintiff's rights because he was the licensed holder of a Medical Marijuana card and was using the Medical Marijuana consistent with the prescription of a medical provider and in accordance with the law regarding Medical Marijuana.

49. As a result of Plaintiff's inability to be hired or interviewed for the position, he has suffered emotional harm, embarrassment, humiliation, mental anguish, and loss of self-esteem, as well as economic loss and damage to his reputation.

50. Furthermore, to the extent applicable, the Plaintiff seeks punitive damages under the MMA for the malicious and recklessness of the Defendant's decision not to hire him despite his experience in the welding profession.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment in his favor and against the Defendants for Actual and Compensatory damages; Punitive damages; and Any other relief that this Court deems just and equitable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court grant relief on his Causes of Action as specified below.

51. The Plaintiff prays that the Court award monetary relief as follows:

52. On his Causes of Action, order Defendants to pay equitable monetary relief and compensatory damages including punitive relief to the Plaintiff as are asserted under the ADA, PHRA (punitive relief is not sought under the PHRA) or PMMA (as applicable) and in an amount to be proven at trial.

53. The Plaintiff prays that the Court award him costs, expenses, and attorneys' fees under statutory law, as follows:

54. By determining that the Plaintiff is a prevailing party on his Causes of Action and thereupon awarding the Plaintiff his reasonable costs, expenses, and attorneys' fees incurred in bringing this action under applicable statutory language.

55. The Plaintiff prays that the Court award further monetary relief as follows:

56. The Plaintiff prays that the Court order to pay pre- and post-judgment interest in all monetary amounts awarded in this action, as applicable and provided by law.

57. The Plaintiff prays that the Court retain jurisdiction of this case for a sufficient period to assure that has fully complied with the remedies sought by the Plaintiff.

58. The Plaintiff prays that the Court award all appropriate pain, suffering, humiliation, and punitive damages as applicable under his causes of action under the PMMA.

59. The Plaintiff prays that the Court award, where applicable, such other and further relief as this Court deems equitable and just.

Dated:    September 10, 2021            Respectfully submitted,

DONHAM LAW

*By: /s/ Jeremy A. Donham, Esquire*
Jeremy Donham, Esquire
Attorney I.D. No. 206980
PO Box 487, Dellslow, WV 26531
717.881.7855 (ph) 888.370.5177 (fax)