IN THE UNITED STATES DISTRICT COUIRT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS ROOS, JR.,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | No.  1:21-CV-01556-YK |
| | : | |
| **PEOPLESHARE, LLC,** | : | Hon. Yvette Kane |
| **Defendant.** | : | |

## ANSWER OF DEFENDANT, PEOPLESHARE
## TO PLAINTIFF'S CIVIL ACTION

AND NOW, comes Defendant, PeopleShare, LLC, by and through tis counsel, Bunker & Ray and David A. Young, Esquire, and files the instant Answer to the Plaintiff's Complaint with Affirmative Defenses, averring in support thereof as follows:

1. The averments contained in Paragraph One constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

2. The averments contained in Paragraph Two constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

3. Admitted.

4. Admitted in part; denied in part.  It is admitted Plaintiff is an adult male. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining averments contained in Paragraph Four and, therefore, said averments are denied.

### UNDERLYING FACTS

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph Five and, therefore, said averments are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph Six and, therefore, said averments are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph Seven and, therefore, said averments are denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph Eight and, therefore, said averments are denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph Nine and, therefore, said averments are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph 10 and, therefore, said averments are denied.

11. The averments contained in Paragraph 11 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

12. The averments contained in Paragraph 12 are denied as stated. The contents of any email communication between Plaintiff and Mr. Huff are contained therein. To the extent Plaintiff misstates, misconstrues and/or misapplies the contents of said email, said misstatement, misconstruction and/or misapplication are specifically denied.

13. Admitted in part; denied in part. It is admitted that Plaintiff began the process of completing an application, but he refused to sign Defendant's Drug Policy. The remaining averments contained in Paragraph 13 are denied as stated. The contents of any email

communication between Plaintiff and Ms. Fried are contained therein. To the extent Plaintiff misstates, misconstrues and/or misapplies the contents of said email, said misstatement, misconstruction and/or misapplication are specifically denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph 14 and, therefore, said averments are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the averments contained in Paragraph 15 and, therefore, said averments are denied.

16. The averments contained in Paragraph 16 are denied as stated. It is denied that Mr. Huff told Plaintiff that he wasn't going to waste his time interviewing him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining averments contained in Paragraph 16 and, therefore, said averments are denied.

17. The averments contained in Paragraph 17 are denied as stated. After declining to go forth with the interview, Charging Party indicated that his status as a medical marijuana user protects him. Defendant lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining averments contained in Paragraph 17 and, therefore, said averments are denied.

18. The averments contained in Paragraph 18 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, it is admitted that Plaintiff attaches as Exhibit A a document purporting to be a June 25, 2021 letter. Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining averments in Paragraph 18.

19. The averments contained in Paragraph 19 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

20. The averments contained in Paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

## Count 1
## ADA DISABILITY DISCRIMINATION

21. Defendant incorporates by reference Paragraphs 1 through 20 of its Answer as if the same were set forth at length.

22. The averments contained in Paragraph 22 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

23. The averments contained in Paragraph 23 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

24. The averments contained in Paragraph 24 constitute conclusions of law to which no response is required.

25. The averments contained in Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

26. The averments contained in Paragraph 26 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

## COUNT 2
## ADA DISABILITY-HOSTILE WORK ENVIRNMENT

27. Defendant incorporates by reference Paragraphs 1 through 26 of its Answer as if the same were set forth at length.

28. The averments contained in Paragraph 28 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

29. The averments contained in Paragraph 29 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

30. The averments contained in Paragraph 30 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

31. The averments contained in Paragraph 31 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

## COUNT 3
## PHRA DISABILITY DISCRIMINATION

32. Defendant incorporates by reference Paragraphs 1 through 31 of its Answer as if the same were set forth at length.

33. The averments contained in Paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

34. The averments contained in Paragraph 34 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

35. The averments contained in Paragraph 35 constitute conclusions of law to which no response is required.

36. The averments contained in Paragraph 36 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

37. The averments contained in Paragraph 37 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

## COUNT 4
## PHRA DISABILITY-HOSTILE WORK ENVIRONMENT

38. Defendant incorporates by reference Paragraphs 1 through 37 of its Answer as if the same were set forth at length.

39. The averments contained in Paragraph 39 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

40. The averments contained in Paragraph 40 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

41. The averments contained in Paragraph 41 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

42. The averments contained in Paragraph 42 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

## COUNT 5
## PENNSYLVANIA MEDICAL MARIJUANA ACT VIOLATION (PMMA)

43. Defendant incorporates by reference Paragraphs 1 through 42 of its Answer as if the same were set forth at length.

44. The averments contained in Paragraph 44 constitute conclusions of law to which no response is required.

45. The averments contained in Paragraph 45 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

46. The averments contained in Paragraph 46 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

47. The averments contained in Paragraph 47 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

48. The averments contained in Paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

49. The averments contained in Paragraph 49 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

50. The averments contained in Paragraph 50 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

**PRAYER FOR RELIEF**

51. The averments contained in Paragraph 51 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

52. The averments contained in Paragraph 52 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

53. The averments contained in Paragraph 53 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

54. The averments contained in Paragraph 54 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

55. The averments contained in Paragraph 55 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

56. The averments contained in Paragraph 56 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

57. The averments contained in Paragraph 57 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

58. The averments contained in Paragraph 58 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

59. The averments contained in Paragraph 59 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES AGAINST THE PLAINTIFF

By way of further answer, Defendant, Peopleshare, LLC by and through its undersigned counsel, hereby asserts the following affirmative defenses against the Plaintiff in accordance with the Federal Rules of Civil Procedure as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages, outside the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, to the extent that they exceed the scope or type of claims asserted in the relevant underlying administrative charges of discrimination filed with the applicable federal or state agencies, or to the extent that they relate to the claims that were not investigated by the applicable federal or state agencies, subject to conciliation efforts, or properly averred in a timely civil action.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or substantially reduced because Plaintiff failed to act reasonably or timely to mitigate damages.

**FIFTH AFFIRMATIVE DEFENSE**

The acts or omissions of Defendant were not a factual cause or legal cause of the injury, loss or damage alleged by the Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred to the extent that he failed to exhaust all applicable administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant took no action affecting Plaintiff because of any alleged disability.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of unclean hands, estoppel, ratification, acquiescence, laches, and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred because her own actions or omissions caused or contributed to any alleged loss or injury.

## TENTH AFFIRMATIVE DEFENSE

The extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure, cannot be determined at this time without the benefit of discovery. Thus, as separate and alternative defenses to Plaintiff's Complaint, Defendant reserves its right to assert all affirmative and other defenses as appropriate.

WHEREFORE, Defendant, Peopleshare, LLC denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

BUNKER & RAY

BY:  DAVID A. YOUNG

120 Fifth Avenue, Suite 2201
Pittsburgh, PA 15222
David.young@bunkerray.com
(412) 456-8062

Attorney for Defendant,
Peopleshare, LLC

Dated:  11/18/21

**IN THE UNITED STATES DISTRICT COUIRT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **DENNIS ROOS, JR.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | No.  1:21-CV-01556-YK |
| | : | |
| **PEOPLESHARE, LLC,** | : | Hon. Yvette Kane |
| **Defendant.** | : | |

_____

## CERTIFICATE OF SERVICE

     David A. Young, attorney for Defendant, Peopleshare, LLC hereby certifies that I caused a copy of the Answer to Complaint with Affirmative Defenses to be filed electronically on November 19, 2021.  This document is now available for viewing and downloading from the ECF system by counsel named below:

        Jeremy A. Donham, Esquire
        Donham Law
        P. O. Box 487
        Dellslow, WVA 26531


        BUNKER & RAY
        BY:  DAVID YOUNG


        */s/ David A. Young*
        Attorney for Defendant,
        Peopleshare, LLC