IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROOS, JR.<br><br>        Plaintiff,<br><br>vs.<br><br>PEOPLESHARE, LLC.<br><br>        Defendant. | Case No. 1:21-CV-1556<br><br>*Hon. Yvette Kane* |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the Middle District of Pennsylvania Local Rules, the parties hereby submit the following Joint Case Management Plan.

1. **Principal Issues**

    **1.1 Separately for each party, give a statement summarizing this case:**

    - <u>By Plaintiff Dennis Roos, Jr.</u>: Plaintiff Dennis Roos, Jr. ("Plaintiff") commenced this action under and pursuant to the Americans with Disabilities Act ("ADA") and its state counterpart under the Pennsylvania Human Relations Act due to his participation in an Equal Employment Opportunity Commission investigation into disability-based discrimination, hostile work environment and retaliation. He also makes a claim for damages falling under the Pennsylvania Medical Marijuana Act. A summary of Plaintiff's disability-based claims states that he was applying for a position as a welder having a great deal of previous experience. After notifying the interviewer of his Medical Marijuana card he avers he was told that he wouldn't be interviewed further. Plaintiff seeks wage and benefit losses presently accruing for the failure to hire as well as future loss, humiliation, pain, suffering and punitive relief.

    - <u>By Defendant PeopleShare, LLC</u>:  The Plaintiff alleges a failure to hire due to his status as a medical marijuana user.  After being informed of Defendant's drug and substance abuse policy, he declined to interview for

the position he was seeking. It is Defendant's position that both federal and applicable state law are clear that there is no protection for a user of marijuana in this situation.

**1.2   The facts the parties' dispute/agree on are as follows:**

- Defendant disputes the facts that it did not admit in its Answer to the Complaint.

- The facts upon which the parties agree are:

There are no facts to which the parties can currently stipulate to.

**1.3   The legal issues the parties' dispute/agree on are as follows:**

- All legal issues are presently disputed except those noted below.

- The parties agree that this Court has jurisdiction over the Complaint as pled.

**1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:** None.

**1.5   Identify any named parties that have not yet been served:** None.

**1.6   Identify any additional parties that:**

- **Plaintiff(s) intends to join:** Unknown currently, but Plaintiff reserves the right to join additional parties.

- **Defendant(s) intends to join:** Unknown currently, but Defendant reserves the right to join additional parties.

**1.7   Identify any additional claims that:**

- **Plaintiff intends to add:** None presently but Plaintiff reserves the right to add additional claims.

- **Defendant intends to add:** None.

**2.0** **Disclosures.** The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), or that they will do so within the time provided by that rule.

    **2.1** Separately for each party, list by name and title/position each person whose identity has been disclosed.

- Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| Dennis Roos, Jr. | Plaintiff |
| Keirsten Schriner | Recruiter |
| Codey Huff | Recruiter |
| Brandi Fried | Recruiter |
| Business Entity | 30(b)(6) |
| Records Custodian | Co Office |
| All witnesses disclosed by Defendant | |

Plaintiff reserves the right to add additional witnesses.

- Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| Dennis Roos, Jr. | Plaintiff |
| Crissy Kovacs | Director of HR |
| Cody Huff | Corporate Trainer |
| Keirsten Schriner | Recruiter |
| Relevant Corporate Representative(s) from D.L. Martin and/or Shippensburg Pump Co. | |
| All witnesses disclosed by Plaintiff | |

Defendant reserves the right to add additional witnesses.

**3.0** **Early Motions. Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:**

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Summary Judgment | Defendant | 45 days after close of discovery |

**4.0** **Discovery**

    **4.1** **Briefly describe any discovery that has been completed or is in progress:** Both parties will provide Initial Disclosures and limited Written Discovery promptly following the Case Management Conference in anticipation of Mediation and pursuant to an Order of this Court.

    **4.2** **Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

    The Plaintiff wishes to proceed with limited written discovery requests prior to mediation. Defendant wishes to forgo formal discovery until after the mediation but is willing to provide specific information to Plaintiff if necessary for successful mediation. If mediation is unsuccessful, the parties will engage in additional written discovery and take depositions of key witnesses including but not limited to those identified in Section 2.1. The parties will provide expert reports for trial. Further, Plaintiff will likely serve a 30(b)(6) notice upon Defendant regarding the Defendant's administration of workplace policies and administration of discipline, among other matters.

    **4.3** **Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:** None identified to date.

**4.4** **Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:** None identified to date.

**4.5** **For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

    **4.5.1** **Depositions (excluding experts) to be taken by:**
    Plaintiff: 10    Defendant: 10

    **4.5.2** **Interrogatories to be served by:**
    Plaintiff: 25    Defendant: 25

    **4.5.3** **Document production requests to be served by:**
    **Plaintiff:** 25    **Defendant:** 25

    **4.5.4** **Requests for admission to be served by:**
    Plaintiff: 25    Defendant: 25

    **4.6** **Discovery of Electronically Stored Information:** Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

**5.0** **Protective Order**

**5.1** **If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.** Discovery in this case is likely to involve production of confidential personnel information. The parties are meeting and conferring on a protective order.

**5.2** **If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below.** None identified to date.

**6.0** **Scheduling.**  N/A, as per Order, dated November 30, 2021, Dkt. No. 10, ¶7.

|      | Deadline                                              | Date |
|------|-------------------------------------------------------|------|
| 6.1  | Final date for joining additional parties             |      |
| 6.2  | Final date for amending pleadings                     |      |
| 6.3  | Fact discovery commenced in time to be completed by   |      |
| 6.4  | Dispositive motions should be filed by                |      |
| 6.5  | Reports from retained experts due                     |      |
| 6.6  | Supplementations due                                  |      |
| 6.7  | Expert discovery commenced in time to be completed by: |     |
| 6.8  | Trial ready                                           |      |
| 6.9  | Final Pretrial Conference                             |      |
| 6.10 | Trial                                                 |      |

**7.0** **Certification of Settlement Authority (All Parties Shall Complete the Certification).** I hereby certify that the following individual(s) have settlement authority and may be contacted through counsel.

- Plaintiff:     Dennis Roos, Jr.
- Defendant:   Crissy Kovacs

**8.0**    **Alternative Dispute Resolution ("ADR")**

    **8.1**    **Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

        **ADR procedure**: Court-ordered early mediation

        **Date ADR to be commenced/completed:** Court-ordered

    **8.2**    **If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:** N/A

    **8.3**    **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:** N/A.

**9.0**    **Consent to Jurisdiction by a Magistrate Judge. Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

    **All parties agree to jurisdiction by a magistrate judge of this court:**
    ___Y      _x_N

    **If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:**

- **Scranton/Wilkes-Barre** N/A
- **Harrisburg**          N/A

**10.0**   **Other Matters. Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute:** None at this time.

**11.0**   **Identification of Counsel. Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge**

**why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.**

Dated: December 14, 2021

| | |
|---|---|
| DONHAM LAW | BUNKER & RAY |
| */s/ Jeremy A. Donham* | */s/ David A. Young* |
| Jeremy A. Donham, Esq. (#206980) | David A. Young, Esq. (200217) |
| DONHAM LAW | BUNKER & RAY |
| P.O. Box 487 | 120 Fifth Avenue, Suite 2201 |
| Dellslow, WV 26531 | Pittsburgh, PA 15222 |
| (717) 881.7855 Telephone | 412.456.8062 Telephone |
| (888) 370.5177 Facsimile | XXX Facsimile |
| j.donham@donhamlaw.com | David.Young@bunkerray.com |
| | |
| | ATTORNEYS FOR DEFENDANT |
| THE HOBBS LAW FIRM | PEOPLESHARE, LLC |
| | |
| */s/ Charles J. Hobbs* | |
| Charles J. Hobbs, Esq. (#209321) | |
| THE HOBBS LAW FIRM | |
| 256 E. Market Street | |
| York, PA 17403 | |
| 717.793.2398 Telephone | |
| chobbs@thehobbslawfirm.com | |
| | |
| ATTORNEYS FOR PLAINTIFF | |
| DENNIS ROOS, JR. | |