# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROOS, JR.<br><br>    Plaintiff,<br><br>vs.<br><br>PEOPLESHARE, LLC.<br><br>    Defendant. | Case No. 1:21-CV-1556<br><br>*Hon. Yvette Kane* |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO AMEND**

Respectfully submitted,

DONHAM LAW

By: */s/ Jeremy A. Donham*
Jeremy A. Donham, Esquire
PA I.D. #206980
P.O. Box 487
Dellslow, WV 26531
(717) 881-7855
*Attorney for Plaintiff*

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this employment related action by filing his original complaint on September 10, 2021. On November 19, 2021, Defendant filed its Answer and Affirmative Defenses. The Case was referred to Mediation by Order on January 6, 2022, and the case was mediated, unsuccessfully, on March 1, 2022. On March 3, 2022, the Court filed a Scheduling Order in this matter. Plaintiff has reviewed a recent holding in *Palmiter v. Commonwealth Health Sys., Inc.*, No. 398 MDA 2020, 2021 PA Super. 155 (Pa. Super. Ct. Aug. 5, 2021) and concluded he has a claim for Failure to Hire due to his Certified use of Medical Marijuana which it avers is a Violation of Pennsylvania Public Policy based on the *Palmiter* holding. Plaintiff now seeks leave of court to file his Amended Complaint attached herein and consequently files this Brief in Support of his Motion to Amend as follows.

Plaintiff, Dennis Roos, Jr., ("Plaintiff") avers he sought a referral to employment as a Welder through PeopleShare, LLC ("Defendant"). (Comp. ¶¶1-8; 9-17). Plaintiff alleges he was not permitted to interview and consequently was not hired due to the acknowledgement of his certified use of medical marijuana (Comp. ¶¶9-17). Accordingly, Plaintiff seeks leave to amend his original pleadings to include a claim for failure to hire.

## II. ARGUMENT

Federal Rule of Civil Procedure 15(a) (2) provides that courts "should freely give leave" to amend a pleading "when justice so requires." *See*, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); *Toll Brothers, Inc. v. Township of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009). Motions to amend pleadings should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see Arthur v. Maersk, Inc.*, 434 F.3d 196, 202, 206 (3d Cir. 2006); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur*, 434 F.3d at 204; *see Foman*, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226; *Long*, 393 F.3d at 400.

Factors to be considered in ruling on a motion to amend a pleading include: (1) undue prejudice to the opposing party; (2) the movant's bad faith or dilatory motives; (3) undue delay; (4) repeated failures to cure deficiencies by amendments previously allowed; and (5) futility of amendment. *See Foman*, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226; *Bechtel*, 886 F.2d at 652; *Cornell and Company, Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978).

***Plaintiff's Amendment with not Prejudice the Defendants or cause undue delay***

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur*, 434 F.3d at 204; *Lorenz v. CSX Corporation*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Bechtel*, 886 F.2d at 652. "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414; *see Long*, 393 F.3d at 400; *Bechtel*, 886 F.2d at 652-653. Further, prejudice focuses on the hardship to the defendant that would result if the amendment were permitted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Merely claiming prejudice is insufficient. The party opposing amendment must show that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the...amendments been timely." *Arthur*, 434 F.3d at 206; *Dole v. ARCO Chemical Company*, 921 F.2d 484, 488 (3d Cir. 1990); *Bechtel*, 886 F.2d at 652. Thus, to determine whether prejudice exists, the court should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273 (emphasis added); *cf. Cornell and Company, Inc.*, 573 F.2d at 824-826.

Plaintiff's Amended Complaint adds paragraphs alleging that plaintiff has suffered an adverse job action due to his certified use of medical marijuana and that he was not hired for this reason. These changes do not present new facts or legal theories which would prejudice the defendant or cause undue delay by requiring it to engage in additional discovery and preparation to defend against it. The parties have not yet engaged in depositions and written fact discovery is not complete at this time so that the amendments will not cause the Defendants any additional discovery, costs to prepare or undue delay.

### *Plaintiff's Amendment is not Futile*

"Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Holst v. Oxman*, 290 Fed.Appx. 508, 510 (3d Cir. 2008); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To assess futility, the court applies the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b) (6). *Holst*, 290 Fed.Appx. at 510; *Shane*, 213 F.3d at 115. Parties opposing amendment face a "heavy burden" in establishing futility. *E.g., Surety Administrators, Inc. v. Samara*, 2006 U.S.Dist. LEXIS 16791, *30 (E.D.Pa. April 6, 2006); *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F.Supp.2d 329, 332-333 (E.D.Pa. 2003).

Plaintiff's failure to hire claim is fully supported by recent holdings in the *Palmiter v. Commonwealth Health Sys., Inc.*, No. 398 MDA 2020, 2021 PA Super. 155 (Pa. Super. Ct. Aug. 5, 2021) case. Therefore, this amendment is not futile.

### III. CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests this court enter an ORDER granting the Plaintiff's Motion for Leave to Amend and Order the Clerk to file the Amended Complaint.

Respectfully Submitted,

Dated: March 23, 2022

*/s/Jeremy A. Donham*___
JEREMY A. DONHAM
*Attorney for Plaintiffs*